# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HABTNESH EZRA,<br><br>    Plaintiff,<br><br>v.<br><br>B. LEIFER, *et al*,<br><br>    Defendants. | NO. CV 18-871-MWF (KS)<br><br>MEMORANDUM AND ORDER<br>DISMISSING COMPLAINT<br>WITH PREJUDICE |

## I. INTRODUCTION

On February 2, 2018, Plaintiff, a California resident proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 against the following defendants for their involvement in a series of court cases initiated by Plaintiff's husband: Bryan Leifer; John Barber; John Haubrich, Jr.; Roy Weatherup; Kenneth Feldman; Carolina Chan; David Samani; Lewis Brisbois Bisgaard & Smith LLP; Steven Yee; Steve Belilove; Rosely George; Yee & Belilove LLP; Rick Dietrich; Ronnie Caplane; James Robbins; Stephen Owens; Emily Wallerstein; Squire Patton Boggs; Tricia Martinez; Greyhound Lines; Inc.; First Group America, Inc.; Littler Mendelson PC; Ian Wade; Manuel Graiwer; Gary Kaplan; Susan

1

Kaplan; Boris Vernik; and Thomas Redmond.[1] (Dkt. No. 1.) On February 9, 2018, this matter was referred to United States Magistrate Judge Karen L. Stevenson. (Dkt. No. 7.) On February 26, 2018, Plaintiff filed a request to dismiss defendants Emily Wallerstein, Stephen Owens, and the law firm of Squire Patton Boggs (Dkt. No. 8), which the Court granted on March 6, 2018 (Dkt. No. 9). On March 21, 2018, the Court instructed Plaintiff to proceed with service of the summons and Complaint on all named defendants and file proofs of service within 90 days. (Dkt. No. 10.)

On May 17, 2018, Plaintiff filed proofs of service reflecting that she had served the summons and Complaint on Defendant First Group America ("FGA") (Dkt. No. 22) and Defendant Greyhound Lines (Dkt. No. 23). Defendants FGA and Greyhound Lines filed a Motion to Dismiss (Dkt. No. 24) as did Defendants Ian Wade and Littler Mendelson PC (Dkt. No. 14). Plaintiff filed Oppositions (Dkt. Nos. 16, 27) to both motions to dismiss as well as Objections (Dkt. Nos. 33, 34) to the subsequent Reports and Recommendation (Dkt. Nos. 30, 32) of the United States Magistrate Judge, which recommended granting both Motions. On August 20, 2018, the Court, acting on the Reports and Recommendation of the United States Magistrate Judge, granted both motions to dismiss and dismissed FGA, Greyhound Lines, Wade, and Littler Mendelson PC from this action with prejudice. (Dkt. No. 35.) Plaintiff has filed no proof of service indicating that any of the remaining defendants have been served.[2]

---

[1] Although the caption page of the Complaint names California Court of Appeal justice John Segal as a defendant, Plaintiff concedes in the body of the Complaint that Justice Segal is immune from suit and states that Justice Segal is a "non-party witness." (Complaint at 6 ¶ 36.)

[2] Although the Complaint's substantive defects provide ample basis for dismissal, the Court notes that dismissal may also be warranted because Plaintiff has failed to effect service of process on the remaining Defendants in compliance with Rule 4(m) of the Federal Rules of Civil Procedure. On March 21, 2018, the Court instructed Plaintiff to proceed with service of the summons and Complaint on all named defendants and file proofs of service within 90 days. (Dkt. No. 10.) On May 17, 2018, Plaintiff filed proofs of service reflecting that she had served the summons and Complaint on Defendant First Group America ("FGA") (Dkt. No. 22) and Defendant Greyhound Lines (Dkt. No. 23). More than six months – or 180 days – have now passed since Plaintiff filed the Complaint and Plaintiff has filed no proof of service indicating that any of the remaining defendants have been served. Rule 4(m) of the Federal Rules of Civil Procedure states: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Under Federal Rule of Civil Procedure 12(b)(6) a trial court may dismiss a claim *sua sponte* and without notice "where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (same); *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (*per curiam*) (adopting Ninth Circuit's position in *Omar* and noting that in such circumstances a *sua sponte* dismissal "is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources"). The court's authority in this regard includes *sua sponte* dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared. *See Abagnin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008); *see also Reunion, Inc. v. F.A.A.*, 719 F. Supp. 2d 700, 701 n.1 (S.D. Miss. 2010) ("[T]he fact that [certain] defendants have not appeared and filed a motion to dismiss is no bar to the court's consideration of dismissal of the claims against them for failure to state a claim upon which relief can be granted, given that a court may dismiss any complaint *sua sponte* for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6)."). Accordingly, the court may dismiss a case at *any* time if it concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint should be dismissed, the Court applies the standard of Federal Rule of Civil Procedure 12(b)(6): "[a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Thus, the plaintiff's factual allegations must be sufficient for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

If the court finds that a *pro se* complaint fails to state a claim, the court must give the *pro se* litigant leave to amend the complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005). However, if amendment of the pleading would be futile, leave to amend may be denied. *See Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014).

For the following reasons, the Court finds that the Complaint fails to state a cognizable claim for relief and must be dismissed. Further, amendment cannot cure the defects with the Complaint because of the nature of those defects – namely, Plaintiff's lack of standing to pursue the claims asserted, her failure to name any state actors amenable to suit in this action under Section 1983, and her failure to state a claim for conspiracy – and because Plaintiff previously had the opportunity to address or remedy these defects in response to the Motions to Dismiss filed by FGA, Greyhound Lines, Ian Wade, and Littler Mendelson PC. Accordingly, the dismissal must be with prejudice and without leave to amend.

## II. ALLEGATIONS OF THE COMPLAINT

The Complaint presents two claims for relief. In the first claim, Plaintiff alleges that her husband, Reiner, filed a lawsuit on September 2, 2016 seeking damages which, according to Plaintiff, would have constituted community property had they been awarded. (*See* Complaint at 9 ¶ 48; *see also id.* at 12 ¶ 49.) The lawsuit concerned "civil tort wrongdoing . . . committed in an effort to cover up criminal malfeasance" by Defendants Dietrich, Caplane, Grawier, Gary and Susan Kaplan, Vernike, and Redmond. (*Id.*) In turn, those Defendants hired Defendants Leifer, Barber, Haubrich, Lewis Brisbois Bisgaard &

4

Smith LLP (hereinafter "Lewis Brisbois"), Yee, Belilove, George, Yee & Belilove LLP, and Robbins as defense counsel. (*Id.*) Defendants Leifer, Barber, Haubrich, Lewis Brisbois, Yee, Belilove, George, Yee & Belilove LLP, and Robbins then "undertook the imposition of extrinsic fraud upon the institution of the court by the illicit use of the undue influence of undisclosed disqualifying relationships with judicial officers to subvert and obstruct justice." (Complaint at 9-10 ¶ 48.)

The Defendants then allegedly entered into a conspiracy with several judicial officers and third parties to this action "to wrongfully deprive, under color of state law, the federal constitutional rights of (1) Freedom of Speech (2) Freedom to Petition (3) Procedural Due Process and (4) Substantive Due Process as to [Plaintiff's] community property . . . by the imposition of fraud upon the institution of the court." (Complaint at 10 ¶ 49.) Plaintiff describes the fraud as Defendants removing the state lawsuit to the United States District Court, arranging for Reiner to be deemed a vexatious litigant, and having the case remanded to state court where the presiding judge "contrived false dispositions . . . in defiance of the governing law and in suppression of the evidence," and arranging for a "contrived dismissal" of Reiner's subsequent appeal. (*Id.*) Plaintiff explains at length her belief that her husband should not have been deemed a vexatious litigant. (*See* Complaint at 12-15.) Plaintiff also complains that various judicial officers should have disqualified themselves from her husband's case. (*See id.* at 15-16 (Justice Segal of the California Court of Appeal), 20-21 (Judge Alarcon).) Plaintiff asserts that the actions and omissions by Defendants and the third party judicial officers deprived her husband of his constitutional rights, including his right to procedural and substantive due process and his First Amendment rights to free speech and to petition the government. (*Id.* at 16-18 ¶¶ 55-58.) Plaintiff seeks monetary damages in excess of $10 million for this first claim as well as declaratory relief. (*Id.* at 22-23 ¶ 64; *see also id.* at 28 ¶ 72.)

Plaintiff's second claim also concerns a state court lawsuit. In that lawsuit, Reiner sued Defendants Martinez, Greyhound Lines, GHA, Wade, and Littler Mendelson PC for "having jointly participated in communicating criminal threats" and Defendants Weatherup, Feldman, Samani, Chan, Lewis Brisbois, Owens, Wallerstein, Squire Patton & Boggs were retained as defense counsel. (Complaint at 24-25 ¶ 67.) Plaintiff alleges that these Defendants, like the Defendants named in her first claim, entered into a conspiracy to deprive Plaintiff and Reiner of their federal constitutional rights "as to [their] community property, including the First Amendment Rights to Free Speech and Petition and Reiner's Fourteenth Amendment rights of Procedural Due Process and Substantive Due Process" by using extrinsic fraud to obtain a disposition adverse to Reiner. (*Id.* at 25 ¶ 68.) Plaintiff seeks monetary damages in excess of $500,000 for this claim as well as declaratory relief. (*Id.* at 28 ¶ 70; *see also id.* 28 ¶ 72.)

### III. DISCUSSION

#### A. Plaintiff Lacks Standing

Federal courts are courts of limited jurisdiction. *Kokonnen v. Guardian Life Insurance Co.*, 511 U.S. 375, 377 (1994). The Court may raise the absence of subject matter jurisdiction *sua sponte*, and must dismiss an action if it determines at any time that it lacks subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3) (if court determines at any time that it lacks subject matter jurisdiction, it must dismiss action); *Steel v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) (court bound to ask and answer for itself, whether it has jurisdiction, even when not otherwise suggested); *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983).

To demonstrate standing, a plaintiff must show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or

hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000). Further, litigants have standing to assert only their own rights and interests, not, as Plaintiff does here, those of third parties. *See United States v. Mitchell*, 915 F.2d 521, 526 n.8 (9th Cir. 1990) (*pro se* litigant does not have standing to raise the claims of other persons whose rights may have been violated), *Halet v. Wend Investment Co.*, 672 F.2d 1305, 1308 (9th Cir. 1982). Plaintiff has not asserted that she was a party in the state court proceedings at issue, and her husband, who was a party in those proceedings, is not a party to this action. Consequently, the Court previously found that Plaintiff failed to show either a concrete injury-in-fact or an invasion of her civil rights. (*See* Dkt. Nos. 30 at 13-15 (Report and Recommendation), 35 (Order Accepting).) For that reason, the Court concluded that Plaintiff lacked standing to bring the civil rights claims asserted and the Court lacked subject matter jurisdiction. (Dkt. No. 30 at 15.) Under the Federal Rules of Civil Procedure, dismissal is now required. *See* FED. R. CIV. P. 12(h)(3) (if court determines at any time that it lacks subject matter jurisdiction, it must dismiss action).

**B. Defendants Are Not State Actors**

Even if Plaintiff had standing to assert the claims in the Complaint, the Complaint remains subject to dismissal because none of the remaining Defendants are state actors within the meaning of Section 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power.") To allege a violation of Section 1983, a civil rights plaintiff must demonstrate that: (1) a deprivation of a right secured by the Constitution or laws of the United States occurred; and (2) the defendant is "a person who may fairly be said to be a state actor." *West v. Atkins*, 487 U.S. 42, 49 (1988); *see also Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531

U.S. 288, 295 (2001) ("state action may be found . . . only if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself"). Consequently, a Section 1983 action generally cannot lie against a private party such as the remaining Defendants, who, according to the Complaint, were private individuals employed by neither the State nor its agents. *See Florer v. Congregation Pidyon Shevuyim*, 639 F.3d 916, 922 (9th Cir. 2011) ("We start with the presumption that conduct by private actors is not state action.").

It is, moreover, well established that a plaintiff may not pursue a federal civil rights action against an attorney for conduct occurring when the attorney was performing a "lawyer's traditional functions," – that is, representing a client in court proceedings. *See Polk County v. Dodson*, 454 U.S. 312, 453 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that plaintiff cannot sue opposing counsel under section 1983 "because he is a lawyer in private practice who was not acting under color of state law"); *Stone v. Baum*, 409 F. Supp.2d 1164, 1176 (D. Ariz. 2005) ("Plaintiffs may not sue a lawyer in private practice for violations of their civil rights because private practice attorneys are not state actors."); *see also Malachowski v. City of Keene*, 787 F.2d 704, 710 (1st Cir. 1986) (court appointed attorney for a minor in delinquency proceedings, who had earlier acted as minor's guardian in abuse and neglect proceedings, does not act under color of state law).

In light of the foregoing, Plaintiff fails to state a claim against any of the remaining Defendants, all of whom are private individuals and the lawyers who represented them in the two state court proceedings initiated by Plaintiff's husband.

//

//

### C. Plaintiff Fails to State a Claim for Conspiracy

A third defect with the Complaint is that, even if Plaintiff had standing to assert the claims presented and Defendants constituted state actors for the purposes of Section 1983, Plaintiff fails to state a claim for conspiracy. To state a claim for conspiracy to violate civil rights under § 1983, a plaintiff must "demonstrate the existence of an agreement or meeting of the minds 'to violate constitutional rights.'" *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999)), *cert. denied*, 131 S. Ct. 905, 907 (2011). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Crowe*, 608 F.3d at 440. Further, the plaintiff "must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights." *Davis v. Powell*, 901 F. Supp. 2d 1196, 1217 (S.D. Cal. Oct. 4, 2012) (citation omitted).

However, Plaintiff's conspiracy allegations are wholly conclusory. Plaintiff alleges no facts to raise a plausible inference of any actual agreement or meeting of the minds between and among the various state and federal judicial officers, the private actors, and their lawyers. Instead, Plaintiff asks the Court to speculate that a conspiracy must have existed based on the adverse outcome to her husband and the various professional and marital relationships between different Defendants and third parties. However, these allegations do not raise Plaintiff's right to relief above the speculative level, as required to state a viable claim for relief. *See Twombly*, 550 U.S. at 555. Further, a plaintiff's naked assertion that a conspiracy existed, without more, is insufficient to state a claim. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) (plaintiff "must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specific is insufficient."); *see also Twombly*, 550 U.S. at 557 ("a conclusory

allegation of agreement at some unidentified point does not supply facts adequate to show illegality").

IV. CONCLUSION

For the reasons stated above, the Complaint fails to state a claim upon which relief can be granted and the defects cannot be cured with amendment. Therefore, IT IS ORDERED that the action is DISMISSED with prejudice.

DATED: August 30, 3018

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.